IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:20CR203 |
| v. | |
| CURTIS KEARNES, | MEMORANDUM AND ORDER |
| Defendant. | |

On March 19, 2021, defendant Curtis Kearnes ("Kearnes") pleaded guilty to one count of burglary and two counts of assault resulting in serious bodily injury (Filing No. 74). The Court accepted Kearnes's plea agreement and sentenced him to 87 months in prison. Kearnes did not appeal.

Now before the Court is Kearnes's hand-written pro se "Clarification - Motion for Review of Sentence" (Filing No. 93). The relief Kearnes seeks, and the mechanism through which he is requesting it, are not entirely clear from the motion. Kearnes's primary argument is that his sentence "is 'unconstitutional,' in light of" *Borden v. United States*, 593 U.S. ___, 141 S. Ct. 1817 (2021). He also argues he has been "illegally deprive[d] . . . of participating [in prison programming], and earning good time" credits as a result of his violent-felony classification.

Given the constitutional issues Kearnes raises, the Court construes his motion as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *See United States v. Carrillo-Castellon*, No. 4:11CR3086, 2012 WL 4753377, at *1 (D. Neb. Oct. 4, 2012) ("Any motion that is filed in the district court that imposed the sentence, and is substantively within the scope of § 2255(a) '*is* a motion under § 2255, no matter what title the prisoner plasters on the cover.'" (quoting *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004))).

This does not mean Kearnes has raised any valid grounds for relief or that his motion is timely or procedurally sound. This preliminary decision only means the Court will treat Kearnes's motion as a § 2255 motion unless and until he says otherwise. The Court expresses no opinion on those matters or the merits of any other issues potentially raised in Kearnes's motion at this point.

Before deciding the motion, the Court must warn Kearnes "of the consequences of treating his motion as one brought under § 2255 and give him an opportunity to avoid these consequences." *Carrillo-Castellon,* 2012 WL 4753377, at *1 (citing *Castro v. United States*, 540 U.S. 375, 382-83 (2003)). In *Carillo-Castelloon*, then-Chief Judge John Gerrard set forth the proper procedure to follow in these circumstances. *See id.*

To begin, the Court must warn Kearnes that federal law substantially limits the filing of a "second or successive" § 2255 motion.[1] Kearnes therefore must ensure he includes all "his claims for post-conviction relief in a single motion." *Carrillo-Castellon*, 2012 WL 4753377, at *2. If Kearnes wants to add to his motion or "has additional grounds for relief" to assert, "he should consider withdrawing his current motion, or seeking leave to amend it." *Id.* Failing to do so risks forever forfeiting those arguments or claims for relief.

The Court also warns Kearnes that § 2255 motions are generally subject to a one-year statute of limitation. *See* 28 U.S.C. § 2255(f) (explaining when the limitation period

---

[1]Section 2255(h) requires an Eighth Circuit panel to certify under 28 U.S.C. § 2244 that a "second or successive" § 2255 motion contains either

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

begins to run). Kearnes must ensure any motion he files under § 2255 is timely or it may be barred.

With those warnings in mind, the Court will allow Kearnes to amend or withdraw his present motion. That leaves him three basic options.

First, he can *withdraw* his current motion by notifying the Court in writing on or before June 9, 2023. If he withdraws his motion, he may assert a new § 2255 motion, but he would generally have to do so within the applicable one-year limitation period discussed above. *See id.* § 2255(f). If Kearnes decides to file a new § 2255 motion, he should use the appropriate form. The Clerk of Court will provide him a copy of the form for filing a § 2255 motion.

Second, Kearnes can *amend* his current motion to provide additional information to support his existing request for relief or add any new claims or arguments he may have. If he chooses to amend his existing § 2255 motion, Kearnes must submit an amended motion on or before June 9, 2023. He can amend his motion by changing or supplementing his current submission, by using the § 2255 motion form provided by the Clerk, or both.

Finally, Kearnes can *notify* the Court by June 9, 2023, that he wants it to rule on his current motion *as submitted*. If Kearnes does not advise the Court of his choice or otherwise respond to this Memorandum and Order by that date, the Court will (1) construe Kearnes's silence as his consent to have his motion treated as a § 2255 motion and (2) decide the motion as currently submitted.

Based on the foregoing,

IT IS ORDERED:
1. On or before June 9, 2023, Kearnes shall either (a) *withdraw* his current motion; (b) *amend* his current motion; or (c) *notify* the Court he wants the Court to rule on his current motion *as submitted*.

2.     If Kearnes does not notify the Court of his choice, he will be deemed to have consented to having the Court treat his motion as a § 2255 motion and rule on his request for post-conviction relief as is.

3.     The Clerk of Court is directed to send a copy of this Memorandum and Order and a copy of the proper form for filing a § 2255 motion to Kearnes at his address of record.

Dated this 1st day of May 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge