IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CURTIS KEARNES,<br><br>　　　　　　Defendant. | 8:20CR203<br><br><br>MEMORANDUM<br>AND ORDER |

　　　　This matter is before the Court on Defendant Curtis Kearnes's ("Kearnes") *pro se* motion (Filing No. 93) requesting a review of his sentence in light of *Borden v. United States*, 593 U.S. ___, 141 S. Ct. 1817 (2021). In its previous order (Filing No. 96), the Court construed that motion as one to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *See Castro v. United States*, 540 U.S. 375, 381, 383 (2003) (stating that a court may construe a litigant's *pro se* filing as a § 2255 motion but must explain the consequences of such recharacterization and give the litigant an opportunity to withdraw or amend their motion). The Court accordingly advised Kearnes of the consequences of filing a § 2255 motion and left "him three basic options": (1) withdraw, (2) amend, or (3) have the Court rule on his motion as-is. *See United States v. Carrillo-Castellon*, No. 4:11CR3086, 2012 WL 4753377, at *1-*2 (D. Neb. Oct. 4, 2012) (setting forth this procedure).

　　　　Kearnes was ordered to respond to the Court by June 9, 2023, as to which option he chose, and was advised that silence would be construed "as his consent to have his motion treated as a § 2255 motion" and reviewed as submitted. Given that the Court has not heard from Kearnes in months, the time for that review has come.

　　　　Under Rule 4 of the Rules Governing Section 2255 Proceedings, the Court is required to promptly review Kearnes's § 2255 motion and dismiss it "[i]f it plainly

appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Otherwise, the United States attorney must be ordered "to file an answer, motion or other response" to Kearnes's motion. *Id.*

Based on the Court's careful review of the matter, Kearnes's motion plainly appears to be untimely. *See* 28 U.S.C. § 2255(f). Generally, defendants have one year from "the date on which the judgment of conviction becomes final" to challenge their sentence under § 2255. *Id.* A defendant may, however, file "at a later date . . . if the motion comes within one year of 'the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.'" *Russo v. United States*, 902 F.3d 880, 882 (8th Cir. 2018) (quoting § 2255(f)(3)).

The Court entered judgment against Kearnes on June 14, 2021. Kearnes's motion—which he signed on February 7, 2023—came well over a year after that date. While his argument for § 2255 relief relies on recent Supreme Court authority, this also does not save his motion from being time-barred. *See Borden*, 593 U.S. at ___, 141 S. Ct. at 1825 (deciding that an offense criminalizing reckless mens rea cannot satisfy the definition of "violent felony" under the Armed Career Criminal Act). The Supreme Court's *Borden* decision came down on June 10, 2021, just before the judgment became final in Kearnes's case. Because Kearnes's motion provides the Court no other basis for equitably tolling the § 2255-limitation period, it is dismissed on initial review as untimely.

The Court also doubts that Kearnes's reliance on *Borden* merits him any relief. At no time in the proceedings against Kearnes did the Court imply the Armed Career Criminal Act was applicable to him. *See* 18 U.S.C. § 924(e)(1) (stating a defendant is subject to a fifteen-year mandatory minimum sentence if they have "three previous convictions . . . for a violent felony or a serious drug offense, or both"). This is further evidenced by the fact that a mandatory minimum was not contemplated by either his

Petition to Enter a Plea of Guilty (Filing No. 73) or his Plea Agreement (Filing No. 74). Therefore, even if Kearnes's motion was timely, dismissal would be warranted as it is apparent he is not entitled to relief under *Borden*.

IT IS SO ORDERED.

Dated this 5th day of December 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge